IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN WILLIAMSON and<br>ROBERT E. BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br>GEICO CASUALTY INSURANCE CO.<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 11-247-SLR<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 9th day of June, 2011, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiffs Brian Williamson ("Williamson") and Robert E. Brown ("Brown") (together "plaintiffs") filed this civil action on March 24, 2011. (D.I. 3) They appear pro se and have been granted leave to proceed in forma pauperis. (D.I. 9)

2. **Standard of review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiffs proceed pro se, their pleading is liberally construed and their complaint,

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). An action is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiffs leave to amend their complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff have a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiffs' entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. The complaint contains two counts. Count one is raised by Williamson and Brown against defendants Geico Casualty Insurance Co. ("Geico") and American Independent Insurance Co. ("American") based upon their denial of an insurance claim for injuries sustained by Williamson during an automobile accident.

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Williamson was a passenger in a vehicle drive by Kalie Ann DiAngelo ("DiAngelo") when it was involved in a two-car accident on April 26, 2010. Geico denied Williamson's insurance claim as DiAngelo's automobile insurance had been canceled on March 27, 2010 for non-payment of the insurance premium. Plaintiffs allege that Geico improperly canceled the policy pursuant to the Delaware insurance code. They assert that Geico "misrepresented with the intent to defraud" Williamson's claims by concealing that it had not complied with the Delaware insurance code.

7. The accident report prepared by a Wilmington police officer did not include Williamson as a passenger. American insured the driver of the other vehicle, Shirley Wilson ("Wilson"), and Williamson submitted a claim to American. It is implied that American denied Williamson's claim because Williamson was not mentioned as a passenger in the police report. Plaintiffs claim that American and Geico conspired in the use of the "erroneous accident report" to defraud Williamson. Plaintiffs allege that Geico "lawyered up" after Brown moved to file a complaint against Geico's claim adjusters for concealing vital information in the processing of Williamson's claim.

8. DiAngelo consented to the release of her insurance records to Brown, but Geico refused to release the records to him. Brown, a paralegal, represented to Geico that Williamson had retained his services regarding the insurance claim. Williamson had retained the legal services of Brown when he signed an agreement and gave Brown a limited power of attorney to represent him. When Geico discovered that Brown was not an attorney, it refused to discuss the case with him and reported Brown to the Office of

Disciplinary Counsel of the Supreme Court of the State of Delaware ("Office of Disciplinary Counsel") for engaging in the unauthorized practice of law.[2]

9. Count two is raised against the Supreme Court of the State of Delaware ("Delaware Supreme Court") and seeks a finding that Delaware Supreme Court Rules violate several amendments of the United States constitution, including a citizen's access to the courts. Following Geico's report to it, the Office of Disciplinary Counsel advised Brown that it was conducting an investigation and asked him to refrain from engaging in activity that has traditionally been performed exclusively by persons authorized to practice law in Delaware.

10. Plaintiffs allege violations of the federal criminal code, including 18 U.S.C. §§ 241, 242,[3] and 1505.[4] They also allege violations of 42 U.S.C. §1983[5] and § 1985.[6] They seek pecuniary damages and legal fees

11. **Eleventh Amendment immunity.** Brown's claim against the Delaware Supreme Court is barred by the State's Eleventh Amendment immunity. *See MCI*

---

[2]Brown has been advised by this court that, as a non-attorney, he may not represent Williamson in this action. (*See* D.I. 9)

[3]Sections 241 and 242 are civil rights statutes contained in the federal criminal code.

[4]A federal criminal statute for obstruction of proceedings before departments, agencies, and committees.

[5]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[6]A federal civil statute for conspiracy to interfere with civil rights.

*Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting State or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

12. The State of Delaware has not waived its immunity from suit in federal court and, although Congress can abrogate a State's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (citations omitted). Brown's claim against the Delaware Supreme Court has no arguable basis in law or in fact, is frivolous, and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

13. **Federal Criminal Code.** Plaintiffs' criminal claims raised pursuant to 18 U.S.C. §§ 241, 242, and 1505 fail to state a cause of action under § 1983 inasmuch as individual citizens do not have a constitutional right to the prosecution of alleged criminals. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)). Indeed, the decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Accordingly, the court dismisses all claims raised under federal criminal statutes, as discussed above, pursuant to 28 U.S.C. § 1915(e)(2)(B).

14. **State actor.** Geico and American are not state actors. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the

Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Geico and American are public corporations who denied Williamson's insurance claim. Quite simply, these defendants are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). The § 1983 claims against Geico and American have no arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

15. **Conspiracy**. Plaintiffs allege that Geico and American engaged in a conspiracy and invoke 42 U.S.C. § 1985. Presumably plaintiffs refer to § 1985(3) since § 1985(1) and (2) are not implicated in any way in the allegations. Section 1985(1) prohibits conspiracies to prevent individuals from holding office or discharging official duties. 42 U.S.C. § 1985(a). Section 1985(2) prohibits conspiracies to prevent witnesses from testifying in court, injuring witness who have testified, or attempting to influence or injure grand or petit jurors. *Id.* at § 1985(2).

16. Section 1985(3) prohibits conspiracies to deprive a "person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law . . . ." 42 U.S.C. § 1985(3). The Supreme Court has interpreted the language of § 1985(3) as "requiring that the conspirators' actions be motivated by an intent to deprive

their victims of the equal protection of the laws." *Kush v. Rutledge,* 460 U.S. 719, 725 (1983). It is a well settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726. Because the complaint fails to allege discrimination against a "'specific, identifiable class of persons,'" it fails to state a claim under § 1985(3). *Farber v. City of Paterson,* 440 F.3d 131, 135 (3d Cir. 2006) (quoting *Aulson v. Blanchard,* 83 F.3d 1, 5 (1st Cir.1996)). In addition, there are no allegations from which one could infer an agreement or understanding among defendants to violate plaintiffs' constitutional rights, or to discriminate against them under § 1985. The court, therefore, dismisses plaintiffs' § 1985 as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

17. **Standing**. In count one, Brown seeks to recover damages that allegedly resulted from the denial of Williamson's insurance claims. "The 'core component'" of the requirement that a litigant have standing to invoke the authority of a federal court "is an essential and unchanging part of the case-or-controversy requirement of Article III." *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006) (citations omitted). "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751 (1984). Also, "a plaintiff must demonstrate standing separately for each form of relief sought." *DaimlerChrysler Corp.,* 547 U.S. at 352 (citations omitted).

18. Here, Brown was retained by Williamson to represent him in his insurance claims against Geico and American. The Third Circuit determines the appropriateness

of third-party standing with a three-part test. *Nasir v. Morgan*, 350 F.3d 366, 376 (3d Cir. 2003) (citations omitted). "To successfully assert third-party standing: (1) the plaintiff must suffer injury; (2) the plaintiff and the third party must have a 'close relationship'; and (3) the third party must face some obstacles that prevent it from pursuing its own claims." *Id.* Notably, Brown, as a non-attorney, may not represent Williamson in legal matters. Further, the complaint's allegations do not satisfy the three-part test discussed above. Accordingly, Brown lacks standing as to count two and his claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

19. **Address**. Williamson has provided the court with two addresses: 413 Maryland Avenue, Apartment No. 1, Wilmington, Delaware, and 2901 N. Broom Street, Apartment 5, Wilmington, Delaware. The court notes that service copies of orders issued by the court, sent to both addresses, have been returned as "undeliverable." (*see* D.I. 9, 12, 14), yet another reason that suggests dismissal is appropriate.

20. **Conclusion**. For the above reasons, all pending motions are denied as moot (D.I. 10, 11, 13, 17). The complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint is futile. The clerk of court is directed to close the case.

							_____
							UNITED STATES DISTRICT JUDGE